UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS JACKSON, | ) |
| Movant, | ) |
| v. | ) Case No. 4:10CV1201 CEJ |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on motion of Thomas Jackson to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court finds that the motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255. Because it has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA, the motion will be dismissed.

On March 29, 2004, Jackson pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). On June 18, 2004, he was sentenced as a career offender to a 216-month term of imprisonment. Jackson did not appeal the judgment.

On February 3, 2005, Jackson filed a motion under 28 U.S.C. § 2255, claiming: (1) his sentence was imposed in violation of Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005), and (2) that he had received ineffective assistance of counsel because: (a) counsel failed to object to his career offender status; (b) counsel failed to object to an offense level in excess of that contained in his plea agreement; and (c) counsel had not followed his instructions to

file a notice of appeal.  Thomas Jackson v. United States, Case No. 4:05-CV-212 (CEJ) (Doc. #1).

On February 19, 2008, the Court entered an order addressing all of Jackson's claims.  The Court found that Jackson was not entitled to relief on his first claim, because the decisions in Blakely and Booker did not apply on collateral review.  With respect to the ineffective assistance of counsel claim, the Court found that Jackson met the requirements for the career offender designation and therefore his attorney could not be faulted for failing to object to the designation.  The Court further found that defense counsel could not be faulted for failing to assert a meritless objection to the base offense level, because it resulted from Jackson's career offender status and because it was contemplated by the plea agreement that Jackson signed.  However, the Court found that Jackson's attorney had failed to file a notice of appeal as instructed and, because of that, Jackson was entitled to be resentenced for the sole purpose of enabling him to file a notice of appeal.  Id. (Doc. #5).

On March 26, 2008, Jackson was resentenced to the same term of imprisonment imposed originally, and an amended judgment was entered.  United States v. Thomas Jackson, Case No. 4:04-CR-20 (CEJ) (Doc. #45).   Jackson's appeal of the amended judgment was dismissed on July 29, 2009.  Id. (Doc. #57).

On September 24, 2009, Jackson filed a motion to reduce sentence, pursuant to 18 U.S.C. § 3582(c).  Id. (Doc. #61).  He argued that he was entitled to a sentence reduction pursuant to Amendment 706 of the United State Sentencing Guidelines, which lowered the base offense levels for certain cocaine base offenses.  On July 6, 2010, the Court denied motion on the ground that Amendment 706 does not apply to

defendants who were sentenced under the career offender provisions of the Sentencing Guidelines. Id. (Doc. #64)

In this, his second motion for relief under § 2255, movant again challenges the career offender designation. The claims he asserts here are virtually identical to those asserted in the first motion to vacate.

Under 28 U.S.C. § 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Because Jackson's present motion to vacate is premised on arguments already ruled on by this Court in the prior § 2255 proceedings, absent certification from the United States Court of Appeals, this Court lacks authority under to grant relief.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Thomas Jackson to vacate, set aside or correct judgment is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253.

Dated this 20th day of July, 2010.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE